United States District Court
Southern District of Texas
**ENTERED**
August 03, 2026
Nathan Ochsner, Clerk

**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

| | | |
|---|---|---|
| Luis Ivanis Macia Barzaga, | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| v. | § | Civil No. 4:26-cv-2912 |
| | § | |
| Raymond Thompson, *et al.*, | § | |
| | § | |
| Respondents. | § | |

**ORDER DENYING PETITION FOR WRIT OF HABEAS CORPUS**

Petitioner Luis Ivanis Macia Barzaga is a native and citizen of Cuba who was charged as subject to removal for entering the United States on August 7, 2024, without a valid entry document. Docs. 1-1 at 3–6, 10-1 at 2–5. When he arrived in the country, Petitioner was immediately paroled under the class of admission "DT." *See* Doc. 1-1 at 8. An immigration judge subsequently dismissed Petitioner's removal proceedings without prejudice after granting the United States' unopposed motion to dismiss. Doc. 10-2 at 2–3. In 2025, Petitioner filed a Form I-485 Application to Register Permanent Residence or Adjust Status and a Form I-765 Application for Employment Authorization. *See* Doc. 1-1 at 10–13.

On March 3, 2026, a warrant was issued for Petitioner's arrest. Doc. 10-3 at 2. That same day, Petitioner was detained by the Department of Homeland Security pursuant to 8 U.S.C. § 1225(b)(2)(A), and he remains in the custody of Respondent, Warden of the Joe Corley Processing Center, in Conroe, Texas. Docs. 1 at 2 & 5, 10-4 at 2. DHS reinitiated Petitioner's removal proceedings through the issuance of a second Notice to Appear. Doc.

10-5 at 2–5. On May 22, 2026, an immigration judge denied Petitioner's applications for asylum, statutory withholding of removal, and withholding of removal under the Convention Against Torture, and ordered him removed to Cuba. Doc. 10-6 at 2–5. On June 15, 2026, Petitioner appealed to the Board of Immigration Appeals, and his appeal remains pending. *See* Executive Office for Immigration Review, *Automated Case Information*, https://acis.eoir.justice.gov/en/ (last visited July 30, 2026).[1]

Petitioner seeks a writ of *habeas corpus* under 28 U.S.C. § 2241 on the grounds that his present detention without a bond hearing violates (i) the Immigration and Nationality Act; (ii) substantive due process; and (iii) procedural due process.[2] Doc. 1 at 7.

Now before the Court is Respondents' Motion for Summary Judgment, Doc. 10, to which Petitioner has not filed a response. Respondents maintain that Petitioner is not entitled to a bond hearing because he is an "applicant for admission" under 8 U.S.C. § 1225(b)(2)(A) and is therefore subject to mandatory detention pending his removal proceedings. *See* Doc. 10; *Buenrostro-Mendez v. Bondi*, 166 F.4th 494 (5th Cir. 2026). The Court construes Petitioner's failure to respond as a representation of non-opposition to Respondents' Motion for Summary Judgment.

---

[1] *See also* Fed. R. Evid. 201 (permitting the Court to judicially notice facts that are not subject to reasonable dispute).

[2] The Petition does not specify whether Petitioner argues his detention without a bond hearing violates substantive or procedural due process. *See* Doc. 1 at 7. Because Petitioner is proceeding *pro se*, the Court liberally construes the Petition as raising due both due process challenges.

Even if the Motion were opposed, this Court has previously resolved the precise challenges raised by Petitioner, determining that the government may subject aliens awaiting a final removal order to mandatory detention under 8 U.S.C. § 1225(b)(2)(A). *See Campos Bernal v. Frink*, 4:26-cv-2239, 2026 WL 1804234 (S.D. Tex. June 23, 2026). The Court held that for aliens such as Petitioner, pre-removal-order detention is both demanded by the Immigration and Nationality Act and a constitutionally permissible part of the removal process. *See id.* at *1, *4 (citing *Demore v. Kim*, 538 U.S. 510, 531 (2003)).[3]

As such, Respondents' Motion for Summary Judgment is GRANTED, and the Petition for writ of *habeas corpus* is DENIED. This action is DISMISSED WITH PREJUDICE. The Clerk of Court is directed to CLOSE this case. A final judgment will be entered separately.

**SO ORDERED.**

**SIGNED** at Houston, Texas, on the 3rd of August, 2026.

Nicholas J. Ganjei
United States District Judge

[3] The Petition's exhibits include orders entered by the Central District of California in *Maldonado Bautista v. Santacruz*, No. 5:25-cv-01873, 2026 WL 639921 (C.D. Cal. Feb. 25, 2026). Docs. 1-1, 1-2. To the extent the Petition and its accompanying exhibits can be liberally construed as a claim that Petitioner is entitled to a bond hearing as a member of the class certified by the Central District of California in *Maldonado Bautista*, the Court has already similar such challenges. *See Leon-Fernandez v. Frink*, No. 4:26-cv-2130 (S.D. Tex. July 15, 2026), Doc. 11.